UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jasmine N. Kelly,<br><br>              Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC<br><br>              Defendants. | Case No. 2:23-cv-01468-RFB-BNW<br><br>**Order** |

      Plaintiff is proceeding *pro se* under 28 U.S.C. § 1915 and has requested authority to proceed *in forma pauperis.* (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1).

**I.    *In forma pauperis* application.**

      Plaintiff has filed the application required by § 1915(a). ECF No. 1. Plaintiff has shown an inability to prepay fees and costs or to give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Screening the complaint.**

      Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Here, Plaintiff asserts that in July 2023 she discovered her credit report listed debts to Global Lending in the amount of $1,924 and to Santander Consumer USA in the amount of $10,641. She alleges she contacted Equifax to dispute the accuracy of the report. She further alleges that, after conducting a reinvestigation, Equifax told her that the information had been verified and the debt was accurate. Equifax continued publishing that information, resulting in either being denied credit or being granted credit with a much higher interest rate.

**A.     Claim I**

Section 1681i(a)(1)(A) of the Fair Credit Reporting Act (FCRA) provides (in relevant part) that,

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such a dispute, the agency shall, free

>of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5)…

The Court construes Claim I to allege that Equifax did not conduct a reasonable reinvestigation. As a result, Plaintiff has properly plead a violation of violation of 15 U.S.C.A. § 1681i(a)(1)(A).

**B.    Claim II**

Under Section 1681e(b) of the FCRA,

>Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

The Court construes Plaintiff's allegations to state that Equifax failed to follow reasonable procedures to assure maximum possible accuracy when reporting the debts at issue. Thus, Plaintiff has properly plead a violation of violation of 15 U.S.C.A. § 1681e(b).

**C.    Claim III.**

As relevant here, Section 1681i(a)(2)(B) of the FCRA provides,

>The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller…

Plaintiff alleges that Equifax failed to forward all the relevant information to the furnisher of the information. As a result, Plaintiff has properly plead a violation of violation of 15 U.S.C.A. § 1681i(a)(2)(B).

**D.    Claim IV**

As relevant to Plaintiff's claim, Section 1681i(a)(1)(A)(5)[1] of the FCRA provides that,

---

[1] Claim IV of Plaintiff's Complaint lists a violation of 15 U.S.C.A. § 1681i(a)(4), which does not seem to apply to the corresponding factual allegations for that claim. As a result, the Court construes Claim IV as an attempt to plead a violation of 1681i(a)(1)(A)(5).

> If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—
>
> (i)   promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation;

Plaintiff alleges that Equifax failed to delete information "that was inaccurate or could not be verified." But earlier in her complaint she alleges that after conducting a reinvestigation, Equifax told her that the information *had been verified and the debt was accurate*. As a result, Plaintiff has not alleged facts that would entitle her to relief. That is, her allegation is that Equifax found the debt to be accurate—not that it found it inaccurate and failed to delete it. The Court denies this claim with leave to amend.

**E.**   **Claim V**

As relevant to Plaintiff's claim, Section 1681i(a)(5)(C) of the FCRA provides that,

> A consumer reporting agency shall maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to this paragraph (other than information that is reinserted in accordance with subparagraph (B)(i)).

Plaintiff alleges that Equifax failed to have a procedure in place to prevent the reappearance of inaccurate or unverifiable information. But the gist of her complaint is that Equifax should have deleted the information and did not. Thus, she has not alleged facts that would entitle her to relief—she has not alleged that Equifax deleted the information and that, after such deletion, the information reappered in her credit report. The Court denies this claim with leave to amend.

**III.**   **CONCLUISON**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Fair Credit Reporting Act claims I, II, and III will proceed against Defendant Equifax as explained in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Fair Credit Reporting Act claims IV and V are dismissed with leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff 1 blank copy of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until November 10, 2023, to fill out and file the required USM-285 forms. On the forms, Plaintiff must fill in Defendant's last-known address so that the Defendant may be served.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue summonses, under seal, to Defendant using the address Plaintiff provides on the filed USM-285 forms.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order, the sealed and issued summonses, the filed USM-285 forms, and the operative complaint (ECF No. 6) on the U.S. Marshals Service for purposes of effecting service.

**IT IS FURTHER ORDERED** that Plaintiff will have twenty-one days—until **October 31, 2023**—to file an amended complaint to the extent she believes she can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and

correct copy of the document was mailed to Defendant or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED: October 10, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE