UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEVADA

JASMINE KELLY,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,

    Defendant.

) JURY TRIAL DEMANDED
)
)
)
)
) Case No. 2:23-CV-1468
)
)
)
)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jasmine Kelly ("Plaintiff") alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Defendant Equifax Information Services, LLC. ("Equifax").

## I. INTRODUCTION

1. Plaintiff's Complaint arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* by the Defendant. Plaintiff contends the Defendant failed to follow reasonable procedures to assure maximum possible accuracy and conduct a reasonable reinvestigation in the preparation of Plaintiff's consumer reports, and consequently reported inaccurate information about Plaintiff. "Consumer reports" under 15 U.S.C. § 1681a(d) includes both the credit file disclosures obtained directly by Plaintiff from the consumer reporting agencies and consumer reports obtained by third parties as a factor in establishing Plaintiff's eligibility for credit.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. The venue in this District is proper in that the Defendants transact business in the city of Las Vegas, Clark County, Nevada, and the conduct complained of occurred in Las Vegas, Nevada.

## III. PARTIES

3. Plaintiff is a natural person residing in Las Vegas, Clark County, Nevada.

4. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5. Upon information and belief, Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Nevada.

## IV. FACTS OF THE COMPLAINT

6. July 2023, Plaintiff obtained a copy of her consumer report and discovered inaccurate and false information with **Global Lending*2901** in the amount of $1,924. Also, **Santander Consumer USA *1000** in the amount of $10,461.

7. On July 27th, 2023, Plaintiff contacted Equifax via certified mail with tracking number 7022 0410 0002 3460 5952, to dispute the accuracy of the trade line. Plaintiff informed Defendant that the trade line was inaccurate and should therefore be deleted from her consumer report.

8. Upon information and belief, Plaintiff was informed via the reinvestigation results that the account was verified and accurate on September 13th, 2023.

9. Despite Plaintiff's dispute to Equifax informing them of the inaccuracies, Defendant Equifax continued to report the tradeline through September 2023.

10. Defendant Equifax's publishing of such inaccurate information has severely damaged the personal and credit reputation of Plaintiff causing her FICO scores to be lowered resulting in her being denied credit or being granted credit with a much higher interest rate, and has caused severe humiliation, emotional distress, and mental anguish.

11. The Defendant continued reporting inaccurate and incomplete information resulting in failure to conduct a reasonable reinvestigation following its receipt of plaintiff's dispute letters.

## V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(1)(A)
### (Defendant Equifax)

12. Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above.

13. Defendant has violated 15 U.S.C. § 1681i(a)(1)(A) in that they failed to conduct a reasonable reinvestigation on the trade line item that is furnished to the Consumer Reporting Agencies.

14. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

15. Plaintiff is entitled to punitive damages, actual damages, and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

16. Defendant's conduct was negligent and/or willful.

17. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)
### (Defendant Equifax)

18. Plaintiff re-alleges and incorporates by reference paragraphs 1-17 above.

19. Defendant Equifax violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the ***Global Lending Services and Santander Consumer USA***, trade line information when preparing a consumer report purportedly concerning Plaintiff.

20. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

21. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

22. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendant Equifax)

23. Plaintiff re-alleges and incorporates by reference paragraphs 1-22 above.

24. Defendant Equifax has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

25. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

26. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

27. Defendant Equifax has done so either negligently or willfully.

28. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681o.

29. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### (Defendant Equifax)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-29 above.

31. Defendant Equifax have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

32. Defendant Equifax have caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

33. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

34. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)
### (Defendant Equifax)

35. Plaintiff re-alleges and incorporates by reference paragraphs 1-34 above.

36. Defendant Equifax violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the *Global Lending Services and Santander Consumer USA* tradeline on Plaintiff's consumer report, and (ii) failed to find it to be inaccurate.

37. Defendant Equifax violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

38. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

39. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

40. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## X. SIXTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)
### (Defendant Equifax)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1-40 above.

42. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

43. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, resulting in credit Damages to Plaintiff and damage to credit rating.

44. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

45. Defendant Equifax is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

## XI. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendant Equifax)

46. Plaintiff re-alleges, and incorporates by reference, paragraphs 1-45 above.

47. Defendant Equifax has violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

48. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

49. Defendant Equifax acted negligently and/or willfully.

50. Defendant is liable to Plaintiff for actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681n and actual damages, and costs pursuant to 15 U.S.C. §1681o.

### XII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against Defendant for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

C. Costs and fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b).

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: /s/ Jasmine N Kelly
Jasmine N Kelly
9325 W Desert Inn Rd Apt 102
Las Vegas, NV 89117
Jasminek702LV@Gmail.com
*Pro se*

Dated: September 18th, 2023

# UNITED STATES DISTRICT COURT
# FOR DISTRICT OF NEVADA

| | |
|---|---|
| **JASMINE N KELLY**<br>**Plaintiff,**<br><br>v.<br>**EQUIFAX INFORMATION SERVICES**<br>**Defendant,** | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>) |

## DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER ENTITIES WITH A DIRECT FINANCIAL INTEREST IN LITIGATION

Pursuant to Fed.R.Civ.P. 7.1 and Local Civil Rule 7.3, Jasmine N Kelly, who is Plaintiff, makes the following disclosure:

1. The party is not a publicly held corporation or other publicly held entity.
2. The party does not have a parent corporation.
3. There is no 10% or more of the stock of a party owned by a publicly held corporation or other publicly held entity.
4. There is not any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation.
5. The party is not a trade association.
6. The case does not arise out of a bankruptcy proceeding.

Date: September 18th, 2023

Respectfully submitted,

By: /s/ Jasmine N Kelly
Jasmine N Kelly
9325 W Desert Inn Rd Apt 102
Las Vegas, NV 89117
Jasminek702LV@Gmail.com
*Pro se*

Dated: September 18th, 2023